UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


PREMIER AUTO SALES, INC.                    CIVIL ACTION

VERSUS                                      NO: 06-7200

SUSAN M. NAPOLITANO, INC.                   SECTION: J(3)
D/B/A TRAUTH INSURANCE
AGENCY, INC. WESTERN
HERITAGE INSURANCE COMPANY,
AND ABC INSURANCE COMPANY

## ORDER AND REASONS

Before the Court is **Plaintiff's Motion to Remand (Rec. Doc. 6)**. This motion is set for hearing on the briefs on November 8, 2006. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Plaintiff's motion to remand should be denied.

## Background Facts

On August 28, 2006, Plaintiff Premier Auto Sales, Inc. filed suit against Susan M. Napolitano, Inc. ("Naploitano") d/b/a Trauth Insurance Agency, Inc. ("Trauth"), Western Heritage Insurance Company ("Western Heritage"), and ABC Insurance Company in Civil District Court for the Parish of Orleans ("CDC"). In that lawsuit, Plaintiff alleged that Trauth breached the fiduciary duty owed by insurance agents to clients under Louisiana law.

Plaintiff claims that in February of 2005, Trauth sold it a

1

substantially different insurance policy that significantly reduced its coverage without notifying Plaintiff of the change, without recommending proper coverage, and without significantly reducing its premium.  Plaintiff claims Trauth mislead it into believing that it had sufficient coverage and Trauth pocketed the difference in premiums that it paid to Western Heritage for the reduced policy.

Western Heritage, whom Plaintiff claims failed to inform it of the material change, removed this case to federal court based on diversity jurisdiction.  Western Heritage argues that the non-diverse citizenship of Napolitano d/b/a Trauth should be disregarded for the purposes of evaluating the removal because Napolitano was improperly joined.  Western Heritage argues that there is no possibility that Plaintiff could establish a cause of action against Napolitano d/b/a Trauth.

Napolitano d/b/a/Trauth also filed an opposition to Plaintiff's motion to remand wherein it reiterated arguments made by Western Heritage.

### Arguments of the Parties

Plaintiff argues that, contrary to Western Heritage's arguments in its Notice of Removal, the policy coverage changed substantially in February of 2005.  In opposition, Western Heritage argues that there had been no material changes in policy coverage since the first policy became effective on March 13,

2003 - other than the fact that certain limits were increased at Plaintiff's request.  Western Heritage further points out that the polices afforded only fire and theft coverage from the time the first policy was issued on March 12, 2003.  (see Affidavit of Midge Berns, attached as Exhibit 1 to Western Heritage's opposition).

## Discussion

Federal courts are courts of limited subject matter jurisdiction and cannot entertain suits unless authorized by law. Coury v. Prot, 85 F.3d 244, 248, (5th Cir.1996).  Federal district courts have jurisdiction over civil actions in which the amount in controversy exceeds $75,000, and the claim is between citizens of different states. 28 U.S.C. § 1332. The party seeking to assert diversity jurisdiction bears the burden of proof. DeAguilar v. Boeing, 47 F.3d 1404 (5th Cir.1995).  Because it is presumed that a federal court lacks jurisdiction until such jurisdiction has been proven, any doubt as to federal subject matter jurisdiction is to be resolved in favor of remand. Dobson v. Spiliada Maritime Corp., 951 F.2d 40 (5th Cir.1992).

Ordinarily when a non-diverse party is properly joined as a defendant, a defendant may not remove based on diversity jurisdiction.  However, a defendant may remove by showing that the non-diverse party was improperly joined.  Smallwood v. Il. Cent. R.R. Co., 352 F.3d 220, 222 (5th Cir.2003).  The burden of

demonstrating improper joinder is a heavy one.  Id.  It may be established by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant. Ross v. Citifinancial, Inc., 344 F.3d 458, 461 (5th Cir.2003). When a defendant alleges that a plaintiff is unable to state a claim against the non-diverse defendant, the Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on the non-diverse defendant. Id. at 462-63. In other words, there must be a reasonable possibility of recovery.  The standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In conducting this inquiry, the Court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." Travis v. Irby, 326 F.3d 644, 649 (5th Cir. 2003).  In addition, the Court must resolve all ambiguities of state law in favor of the non-removing party. Id.

    This Court has reviewed the certified copies of the insurance policies.  It is clear that there was never coverage for windstorm or flood. Therefore, there is no possibility that Plaintiff could establish a cause of action against Napolitano d/b/a/ Trauth.  Because there is no viable cause of action

4

against Napolitano d/b/a/ Trauth (the only non-diverse Defendant), its citizenship should not be considered for purposes of removal.  This Court need not address Western Heritage's preemption arguments as it finds no cause of action exists.  However, Defendant's preemption arguments only serve to strengthen the Court's conclusion that there is no reasonable possibility of recovery for Plaintiff against Napolitano d/b/a/ Trauth.  Thus, this motion to remand should be denied, and Napolitano d/b/a/ Trauth should be dismissed.  Accordingly,

**IT IS ORDERED** that the **Plaintiff's Motion to Remand (Rec. Doc. 6)** should be and hereby is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's claims against Susan M. Napolitano, Inc. d/b/a Trauth Insurance Agency, Inc. are hereby **DISMISSED**.

New Orleans, Louisiana this 20th day of November, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE